**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:      BONITA N. DONOVAN

Case No.: 3:08-bk- 2133

            Debtor.

---

**DISCLOSURE STATEMENT**

## I. INTRODUCTION

This is the disclosure statement (the "Disclosure Statement") in the chapter 11 case of Bonita N. Donovan (the Debtor). This Disclosure Statement contains information about the Debtor and describes the Plan of Reorganization (the "Plan") filed by the Debtor. A full copy of the Plan is attached to this Disclosure Statement as Exhibit A. *Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.*

The proposed distributions under the Plan are discussed at pages __-__ of this Disclosure Statement. [General unsecured creditors are classified in Class 10, and will receive an estimated distribution of 10 % of their allowed claims, to be distributed as follows: Pro rata distribution over 60 months.]

### A. Purpose of This Document

This Disclosure Statement describes:
1.     The Debtor and significant events during the bankruptcy case,
2.     How the Plan proposes to treat claims or equity interests of the type you hold (*i.e.*, what you will receive on your claim or equity interest if the plan is confirmed),
3.     Who can vote on or object to the Plan,
4.     What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,
5.     Why the Debtor believes the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and
6.     The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

### B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

1. *Time and Place of the Hearing to [Finally Approve This Disclosure Statement and] Confirm the Plan*

The hearing at which the Court will determine whether to [finally approve this Disclosure Statement and] confirm the Plan will take place before the Honorable Jerry A. Funk, United States Bankruptcy Judge, on _____(to be announced)_____, at____(to be announced)_____, in Courtroom 4D, at the United States Court House, 300 North Hogan St., Jacksonville, FL 32201. (To be determined)

2. *Deadline For Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to United States Bankruptcy Clerk, 300 North Hogan St., 3d Floor, Jacksonville, FL 32201 See section IV.A. below for a discussion of voting eligibility requirements. Your ballot must be received by _____(to be announced)_____or it will not be counted.

3. *Deadline For Objecting to the [Adequacy of Disclosure and] Confirmation of the Plan*

Objections to this Disclosure Statement or to the confirmation of the Plan must be filed with the Court and served upon all interested parties by _____(to be announced)_____.

4. *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact Bryan K. Mickler, Attorney for Debtor, 5452 Arlington Exp., Jacksonville, FL 32211.


## II. BACKGROUND

### A. Description and History of the Debtor's Business

The Chapter 11 case has been filed to deal with several mortgages on real property owned by the Debtor in Possession and unsecured debt related to the repair and maintenance of the properties. Due to the decrease in the value of the real properties and lack of rental income, the mortgage debts became higher than the value and income producing potential of the real properties. The Debtor has lowered mortgage payments and is attempting to sell real property over the life of the Plan.

### B. Insiders of the Debtor

N/A

### C. Management of the Debtor Before and During the Bankruptcy

N/A

### D. Events Leading to Chapter 11 Filing

See II (A) above.

## E. Significant Events During the Bankruptcy Case

The Court has approved Mickler & Mickler as attorney's for the estate.

## F. Projected Recovery of Avoidable Transfers

The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

## G. Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. The procedures for resolving disputed claims are set forth in Article V of the Plan.

## H. Current and Historical Financial Conditions

The identity and fair market value of the estate's assets are listed in Exhibit B.

The Debtor's most recent financial statements [if any] issued before bankruptcy, each of which was filed with the Court, are set forth in Exhibit C.

The most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case are set forth in Exhibit D.

## III. SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

## A. What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

## B. Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has *not* placed the following claims in any class:

1. *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Type** Debtor Attorney Professional Fees, as approved by
the Court.
**Estimated $7,000.00**
**Amount Owed $4,000.00**
**Proposed Treatment**
Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan.

**Type** Office of the U.S. Trustee Fees
**Estimated $1,000.00**
**Amount Owed $1,000.00**
**Proposed Treatment**
Paid in full on the effective date of the Plan.

TOTAL: $8,000.00.

2. *Priority Tax Claims*

Priority tax claims are unsecured income, employment, and other taxes described by §507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

1.    IRS Claims for 2006 and 2007 Tax Years - $100,000.00 to be paid over 60 months with 6% interest.

## C. Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

1. *Classes of Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

Class 2. Secured Claim of Countrywide Home Loans on 800 Florida Blvd., Neptune Bch, FL
Secured by  mortgage
Non-Insider
Impaired
To be valued at replacement value and new value paid over 360 months with 6% interest.

Class 3. Secured Mortgage claim of Countrywide Home Loans on 150 Pantano Cay Blvd.., St. Augustine, FL
Secured by mortgage
Non-Insider
Impaired
To be valued at replacement value and new value paid over 360 months with 6% interest

Class 4. Secured Claims of Wahby and Fletcher on Vacant Lot at Jacksonville Bch, FL
Secured by tax lien
Non-Insider
Impaired
To be valued at replacement value and new value paid over 360 months with 6% interest

Class 5. Secured Claims of Bank of America on 135 20th Ave. South, Jacksonville Bch, FL
Secured by mortgage
Non-Insider
Impaired
To be valued at replacement value and new value paid over 360 months with 6% interest

Class 6. Secured Mortgage claim of Bank of America on 222 14th Ave. North, Jacksonville Bch, FL
Secured by mortgage
Non-Insider
Impaired
Balance to be reamortized and paid over 360 months with 6% interest

Class 7. Secured Claim of Bank of America on 222 14th Ave. North, Jacksonville Bch, FL
Secured by mortgage
Non-Insider
Impaired
To be valued at replacement value and new value paid over 360 months with 6% interest

Class 8. Wholly Unsecured Claims of Bank of America on 135 20th Ave. South, Jacksonville Bch, FL and 222 14th Ave. North, Jacksonville Bch, FL
Secured by mortgage
Non-Insider
Impaired
To be valued at replacement value of $0.00 and lien discharged upon completion of Plan

Class 9. Homeowner's claims
Secured by HOA lien
Non-Insider
Impaired
To be paid in full over 36 months from effective date on pre-petition arrearage

## 2. *Classes of Priority Unsecured Claims*

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment. The following chart lists all classes containing claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

N/A

## 3. *Class[es] of General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.
The following chart identifies the Plan's proposed treatment of Class 5, which contains general unsecured claims against the Debtor:

Class 10. General Unsecured Claims
unsecured
Non-Insider
Impaired
To be paid disposable income for a period of 60 months

## 4. *Class[es] of Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company ("LLC"), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.
The following chart sets forth the Plan's proposed treatment of the class[es] of equity interest holders:

N/A

D. **Means of Implementing the Plan**

1. *Source of Payments*

Payments and distributions under the Plan will be funded by the following:

Income from rentals and/or alimony. Together with sales and/or refinances of real properties

2. *Post-confirmation Management*

The Post-Confirmation Managers of the Debtor, and their compensation, shall be as follows:

N/A

E. **Risk Factors**

The proposed Plan has the following risks:

N/A

F. **Executory Contracts and Unexpired Leases**

The Plan, in Exhibit 5.1, lists all executory contracts and unexpired leases that the Debtor will assume under the Plan. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of type that must be cured under the Code, if any. Exhibit 5.1 also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults. If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Exhibit 5.1 will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.

G. **Tax Consequences of Plan**

*Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.*

The following are the anticipated tax consequences of the Plan:

N/A - The Debtor is not anticipating any tax consequenses from the plan due to the filing under Title 11 of the US Code. To the extent that any debt is alleged to have been forgiven by a creditor, the Debtor shall file a Form 982 with IRS to extinguish such taxable income.

## IV. CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible. These requirements are not the only requirements listed in § 1129, and they are not the only requirements for confirmation.

## A. Who May Vote or Object

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that classes are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that classes are unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

1. *What Is an Allowed Claim or an Allowed Equity Interest?*
Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.

When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

2. *What Is an Impaired Claim or Impaired Equity Interest?*
As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

3. *Who is **Not** Entitled to Vote*

The holders of the following five types of claims and equity interests are *not* entitled to vote:
- holders of claims and equity interests that have been disallowed by an order of the Court;
- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.
- holders of claims or equity interests in unimpaired classes;
- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and
- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;
- administrative expenses.

***Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan [and to the Adequacy of the Disclosure Statement].***

4. *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

B. **Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by cram down on non-accepting classes, as discussed later in Section B.2.

1. *Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

2. *Treatment of Nonaccepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds nonaccepting classes is commonly referred to as a cram down plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not discriminate unfairly, and is fair and equitable toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a cramdown confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

C. **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as Exhibit E.

D. **Feasibility**

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

1. *Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this disclosure statement as Exhibit F.

2. *Ability to Make Future Plan Payments And Operate Without Further Reorganization*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments. The Plan Proponent has provided projected financial information. Those projections are listed in Exhibit G.

***You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.***

V. **EFFECT OF CONFIRMATION OF PLAN**

A. **DISCHARGE OF DEBTOR**

Discharge. Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code. Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## B. **Modification of Plan**

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan. The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Court authorizes the proposed modifications after notice and a hearing.

Upon request of the Debtor, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

## C. **Final Decree**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

## VI. OTHER PLAN PROVISIONS

N/A

Dated this _____ day of April, 2008.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to Office of the United States Trustee, 135 W. Central Blvd., Ste. 620 Orlando, FL 32801 and to all interested parties as listed on the court's matrix, by CM/ECF filing this ___ day of April, 2008.

Law Offices of Mickler & Mickler

By:_____

Bryan K. Mickler
Florida Bar No. 091790
Attorneys for Debtor in Possession
5452 Arlington Expressway
Jacksonville, FL 322211
(904) 725-0822
(904) 725-0855 Facsimile

## EXHIBITS ATTACHED

**Exhibit A** Copy of Proposed Plan of Reorganization
**Exhibit B** Identity and Value of Material Assets of Debtor
**Exhibit C** Prepetition Financial Statements
**Exhibit D** Most Recently Filed Postpetition Operating Report
**Exhibit E** Liquidation Analysis
**Exhibit F** Cash on hand on the effective date of the Plan
**Exhibit G** Projections of Cash Flow and Earnings for Post-Confirmation Period

**Exhibit A** Copy of Proposed Plan of Reorganization

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:        BONITA N. DONOVAN

                              Case No.: 3:08-bk- 2133

                    Debtor

_____/

PLAN OF REORGANIZATION

Bryan K. Mickler
Law Offices of Mickler & Mickler
Attorneys for Debtor-in-Possession
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
Florida Bar No. 091790

1

# ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from future income of the Debtor derived from rental income and sale/refinance income generated from the real property that the Debtor owns.

This Plan provides for 8 classes of secured claims and 1 class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of administrative and priority claims either upon the effective date of the Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01 Class 1.** Priority Tax Claims

Except to the extent that a holder of an allowed priority tax claim agrees to a different treatment, each allowed priority tax claim shall be paid in full, in cash, in equal quarterly installments over a term not to exceed 5 years from the date of order for relief in this case, together with interest at the rate of 6%. Such payments shall commence on the later of the Effective Date of

2

the Plan or the date on which such claim is allowed. The Debtor reserves the option to prepay all or a portion of such debt at any time.

**2.02 Class 2**. Secured Claim of Countrywide Home Loans on 800 Florida Blvd., Neptune Bch, FL

This Class consists of the Secured Claim of Countrywide Home Loans on real property located at 800 Florida Blvd., Neptune Bch, FL by virtue of a first mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $450,156.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 2 is impaired by the Plan. Each holder of an allowed Class 2 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 2 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.03 Class 3**. Secured Mortgage claim of Countrywide Home Loans on 150 Pantano Cay Blvd.., St. Augustine, FL

This Class consists of the Secured Claim of Countrywide Home Loans on real property located at 150 Pantano Cay Blvd.., St. Augustine, FL by virtue of a first mortgage recorded in the Public Records of St. Johns County, FL. The Debtor will value this property at the replacement value

3

of $110,00.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 3 is impaired by the Plan. Each holder of an allowed Class 3 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 3 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.04 Class 4**. Secured Claims of Wahby and Fletcher on Vacant Lot at Jacksonville Bch, FL

This Class consists of the Secured Claim of Daniel and Robin Wahby and Gerald and Barbara Fletcher on real property located at Jacksonville Bch, FL by virtue of a first mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $400,00.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated

in any new payments to be maintained under this Chapter 11 Plan.

Class 4 is impaired by the Plan. Each holder of an allowed Class 4 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 4 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.05 Class 5**. Secured Claims of Bank of America on 135 20th Ave. South, Jacksonville Bch, FL

This Class consists of the Secured Claim of Bank of America on real property located at 135 20th Ave. South. Jacksonville Bch. FL by virtue of a first mortgage recorded in the Public Records of Duval County. FL. The Debtor will value this property at the replacement value of $357,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 5 is impaired by the Plan. Each holder of an allowed Class 5 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 5 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.06 Class 6**. Secured Mortgage claim of Bank of America on 222 14th Ave. North, Jacksonville Bch, FL

This class consists of the First Mortgage claim of Bank of America in the real located at 222

5

14th Ave., Jacksonville Bch, Florida. The Debtor will reamortize the balance on the first mortgage and repay the balance in full, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan. The Debtor in Possession and mortgage holder shall executed whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 6 is impaired by the Plan. Each holder of an allowed Class 6 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 6 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.07 Class 7**. Secured Claim of Bank of America on 222 14th Ave. North, Jacksonville Bch, FL

This Class consists of the Secured Claim of Bank of America on real property located at 135 20th Ave. South, Jacksonville Bch, FL by virtue of a second mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $40,819.00. The Debtor will pay the valuation amount as a re-amortized second mortgage, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained

6

under this Chapter 11 Plan.

Class 7 is impaired by the Plan. Each holder of an allowed Class 7 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 7 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.08 Class 8.** Wholly Unsecured Claims of Bank of America on 135 20th Ave. South, Jacksonville Bch. FL and 222 14th Ave. North, Jacksonville Bch. FL

This Class consists of the wholly unsecured junior mortgage claims of Bank of America on real property located at 135 20th Ave. South, Jacksonville Bch, FL by virtue of second and third mortgages recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $0.00. The Debtor will treat this creditor as unsecured subject to the distribution as outlined below for unsecured creditors. Upon completion of the plan and discharge, the creditor shall record a satisfaction of mortgage in the Public Records of Duval County, FL.

Class 8 is impaired by the Plan. Each holder of an allowed Class 8 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 8 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.09 Class 9**. All Homeowner's Association Secured Claims

This class consists of the secured claims of Sentry Management, Premier Properties and South Beach Townhomes for secured homeowner's association fees/liens. The Debtor in Possession shall maintain all required post petition assessments. In addition, the Debtor shall cure any pre-petition delinquencies over a period of 36 months from the effective date of this Plan.

Class 9 is impaired by the Plan. Each holder of an allowed Class 9 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 9 Claim shall retain any lien

7

encumbering real property of the Debtor in Possession.

**2.10 Class 10.** All unsecured claims allowed under § 502 of the Code.

This Class consists of the General Unsecured Claims, including any liens valued above pursuant to 11 U.S.C. § 506. The Debtor shall pay all projected disposable income for a period of 60 months to the holder of each Class 10 Claim in equal quarterly installments on the later of the effective date of the Plan or the date on which the Class 10 claim becomes an allowed claim for full satisfaction of the unsecured claims. To the extent that the debtor sells or refinances any real property and receives a profit, then such profit shall be considered disposable income and committed to the unsecured creditors as stated above. The debtor does not anticipate any distributions to the unsecured creditors without sale and/or refinance of real properties.

Class 10 is impaired by the Plan. The holder of any allowed amount of Class 10 claim is entitled to vote to accept or reject the Plan.

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,

## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtor in Possession in

8

accordance with 11 U.S.C. § 1129(a)(9).

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**ARTICLE IV**

**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

4.01 Claims and interests shall be treated as follows under this Plan:

**Class Impairment Treatment**

Class 1. Priority Tax Claims

Impaired- to be paid in equal quarterly installments, with interest of 6%, over a period of time less than 60 months from date of the Order for Relief in this case.

Class 2 – Secured Claims of Countrywide Home Loans on 800 Florida Blvd., Neptune Bch, FL
Impaired - to be valued and reamortized.

Class 3 - Secured Mortgage claim of Countrywide Home Loans on 150 Pantano Cay Blvd., St. Augustine, FL
Impaired - to be valued and reamortized.

Class 4 - Secured Claims of Wahby and Fletcher on Vacant Lot at Jacksonville Bch, FL
Impaired - to be valued and reamortized.

Class 5 - Secured Claims of Bank of America on 135 20th Ave. South, Jacksonville Bch, FL
Impaired - to be valued and reamortized.

Class 6 - Secured Mortgage claim of Bank of America on 222 14th Ave. North, Jacksonville Bch,

9

FL

Impaired - balance reamortized.

Class 7 - Secured Claim of Bank of America on 222 14th Ave. North, Jacksonville Bch, FL

Impaired - to be valued and reamortized

Class 8 - Wholly Unsecured Claims of Bank of America on 135 20th Ave. South, Jacksonville Bch,

FL and 222 14th Ave. North, Jacksonville Bch, FL

Impaired - to be treated as unsecured.

Class 9 - Homeowner's Associations

Impaired- to be cured over 36 months.

Class 10 - Unsecured claims

Impaired - pro-rata distribution to be paid with all disposable income of debtor over a period of 60

months.

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final

non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and

the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed,

and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a

disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and

compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal

10

Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon

the effective date of this Plan as provided in Article VII:

1.      Leases for rental of real properties located at 135 S. 20th Ave., Jacksonville Bch and

222 N. 14th Ave., Jacksonville Bch to tenants occupying properties.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired

leases not expressly assumed under section 6.01(a) above. or before the date of the order confirming

this Plan. upon the date of the entry of the order confirming this Plan. A proof of a claim arising from

the rejection of an executory contract or unexpired lease under this section must be filed no later than

thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII

## GENERAL PROVISIONS

7.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§

101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this

Plan, and they are supplemented by the following definitions:   N/A

7.02 Effective Date of Plan. The effective date of this Plan is the eleventh business day following

the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect

on that date. the effective date will be the first business day after that date on which no stay of the

11

confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.07 Corporate Governance. No provisions required by § 1123(a)(6) of the Code.

**ARTICLE VIII**

**DISCHARGE**

8.01. Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**ARTICLE IX**

**OTHER PROVISIONS**

Payments to the various Classes under this Plan of Reorganization shall commence twenty (20) days after the date that the Plan of Reorganization becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

DATED THIS ___18___ DAY OF APRIL, 2008.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to Office of the United States Trustee, 135 W. Central Blvd., Ste. 620 Orlando, FL 32801 and to all interested parties as listed on the court's matrix, by CM/ECF filing this __18__ day of April, 2008.

Law Offices of Mickler & Mickler

By:_____
    Bryan K. Mickler
Florida Bar No. 091790
Attorneys for Debtor in Possession
5452 Arlington Expressway
Jacksonville, FL 32221l
(904) 725-0822
(904) 725-0855 Facsimile

wpdocs\bankrupt\chap11\donovan plan

13

**Exhibit B** Identity and Value of Material Assets of Debtor

**Real Property:**

See Attached Schedules A and D

**Personal Property:**

See Attached Schedule B

B6A (Official Form 6A) (12/07)

In re **Bonita Nix Donovan** ,                                    Case No. _____

_____
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J." or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 800 Florida Blvd.<br>Neptune Beach, FL 32266<br>RESIDENCE<br>PT FRACTIONAL SEC 20 RECD OR 13281-1822 | fee simple | - | 450,156.00 | 645,813.00 |
| 135 S. 20th Avenue<br>Jacksonville Beach, FL 32250<br><br>SOUTH BEACH TOWNHOMES DWELLING UNIT 1<br>O/R 8386-782 | fee simple | - | 357,000.00 | 685,774.00 |
| 222 N 14th Avenue<br>Jacksonville Beach, FL 32250<br><br>PABLO BEACH HOUSE CONDOMINIUM DWELLING<br>UNIT 205D BLDG 2 O/R 9623-992 | fee simple | - | 135,000.00 | 143,795.00 |
| vacant lot<br>Jacksonville Beach, FL 32250<br><br>PABLO BEACH SOUTH S 55FT LOT 8 BLK 42 | fee simple | - | 400,000.00 | 625,937.79 |
| 150 Pantano Cay Blvd. 301<br>Saint Augustine, FL 32080<br><br>ESTUARIES CONDO (O/R2857/1435) BLDG 2 UT<br>2301 & GARAGE 20 OR2903/1128 | condo owner | - | 110,000.00 | 400,684.00 |

|  |  |  |
|---|---|---|
| Sub-Total > | 1,452,156.00 | (Total of this page) |
| Total > | 1,452,156.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **Bonita Nix Donovan**                                                    , Case No. _____
                                         Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | compass bank checking | - | 4,700.00 |
| | | | coastal credit union | - | 23.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | home: 3 bed sets, couch, love seat, dining set, knick knacks, linens, tv, bed, tables | - | 2,000.00 |
| | | | rental furniture: couch, wicker chair, table set, bed set, bunk beds, drawers, mattress, chest of drawers | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | clothing | - | 50.00 |
| 7. | Furs and jewelry. | | costume jewelry | - | 50.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >        6,823.00
(Total of this page)

__2__    continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                          Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    __Bonita Nix Donovan_____,    Case No. _____
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | monthly alimony c/s payments only | - | 0.00 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                                    Sub-Total >        0.00
                                                (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Bonita Nix Donovan**                                                    Case No. _____
                                                        Debtor
                                                        ,

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2001 Lincoln Continental approx. 84,000 miles** | - | 6,025.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 6,025.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 12,848.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Bonita Nix Donovan**                                    Case No. _____
                                                        ,
                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. 1336838235627<br><br>Bank Of America<br>475 Crosspoint Pkwy<br>Getzville, NY 14068 | | - | Opened 10/01/03  Last Active 10/01/07<br>first mortgage<br>135 S. 20th Avenue<br>Jacksonville Beach, FL 32250<br>SOUTH BEACH TOWNHOMES<br>DWELLING UNIT 1 O/R 8386-782 | | | | | |
| | | | Value $                        357,000.00 | | | | 364,000.00 | 7,000.00 |
| Account No. 68211055547299<br><br>Bank Of America<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410 | | - | Opened  8/01/05  Last Active  1/01/08<br>third mortgage<br>135 S. 20th Avenue<br>Jacksonville Beach, FL 32250<br>SOUTH BEACH TOWNHOMES<br>DWELLING UNIT 1 O/R 8386-782 | | | | | |
| | | | Value $                        357,000.00 | | | | 230,947.00 | 230,947.00 |
| Account No. 1733301205161<br><br>Bank Of America<br>475 Crosspoint Pkwy<br>Getzville, NY 14068 | | - | Opened 1/01/05  Last Active 3/31/08<br>first mortgage<br>222 N 14th Avenue<br>Jacksonville Beach, FL 32250<br>PABLO BEACH HOUSE CONDOMINIUM<br>DWELLING UNIT 205D BLDG 2 O/R<br>9623-992 | | | | | |
| | | | Value $                        135,000.00 | | | | 94,181.00 | 0.00 |
| Account No. 1337022857648<br><br>Bank Of America<br>475 Crosspoint Pkwy<br>Getzville, NY 14068 | | - | Opened 11/01/04  Last Active  9/01/07<br>second mortgage<br>135 S. 20th Avenue<br>Jacksonville Beach, FL 32250<br>SOUTH BEACH TOWNHOMES<br>DWELLING UNIT 1 O/R 8386-782 | | | | | |
| | | | Value $                        357,000.00 | | | | 90,327.00 | 90,327.00 |

  **2**   continuation sheets attached

Subtotal
(Total of this page)        779,455.00        328,274.00

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re    **Bonita Nix Donovan**                                               Case No. _____

_____,
Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | J C | | | | | | |
| Account No. 68218008425599 | | | | | Opened 3/01/07  Last Active 3/31/08 second mortgage 222 N 14th Avenue Jacksonville Beach, FL 32250 PABLO BEACH HOUSE CONDOMINIUM DWELLING UNIT 205D BLDG 2 O/R 9623-992 | | | | | |
| Bank Of America 4161 Piedmont Pkwy Greensboro, NC 27410 | | | | | | | | | | |
| | | | | | Value $                135,000.00 | | | | 49,114.00 | 8,295.00 |
| Account No. 137017702 | | | | | Opened 5/01/06  Last Active 2/14/08 800 Florida Blvd. Neptune Beach, FL 32266 RESIDENCE PT FRACTIONAL SEC 20 RECD OR 13281-1822 | | | | | |
| Countrywide Home Loans 450 American St Simi Valley, CA 93065 | | | | | | | | | | |
| | | | | | Value $                450,156.00 | | | | 645,813.00 | 195,657.00 |
| Account No. 165610623 | | | | | Opened 4/01/07  Last Active 10/29/07 150 Pantano Cay Blvd. 301 Saint Augustine, FL 32080 ESTUARIES CONDO (O/R2857/1435) BLDG 2 UT 2301 & GARAGE 20 OR2903/1128 | | | | | |
| Countrywide Home Loans 450 American St Simi Valley, CA 93065 | | | | | | | | | | |
| | | | | | Value $                110,000.00 | | | | 400,000.00 | 290,000.00 |
| Account No. 2008 CA 404 | | | | | first mortgage vacant lot Jacksonville Beach, FL 32250 PABLO BEACH SOUTH S 55FT LOT 8 BLK 42 | | | | | |
| Daniel and Robin Wahby Gerald and Barbara Fletcher c/o C. Randolph Coleman, Esq 9250 Baymeadows Rd. #450 Jacksonville, FL 32256 | | | | | | | | | | |
| | | | | | Value $                400,000.00 | | | | 625,937.79 | 225,937.79 |
| Account No. 2301 Pantano Cay | | | | | hoa 150 Pantano Cay Blvd. 301 Saint Augustine, FL 32080 ESTUARIES CONDO (O/R2857/1435) BLDG 2 UT 2301 & GARAGE 20 OR2903/1128 | | | | | |
| Premier Properties Realty 378 A1A Beach Blvd. Saint Augustine, FL 32080 | | | | | | | | | | |
| | | | | | Value $                110,000.00 | | | | 684.00 | 684.00 |

Sheet  1  of  2   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| | |
|---|---|
| 1,721,548.79 | 720,573.79 |

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re  __Bonita Nix Donovan_____,  Case No. _____

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **donovan, bonnie** <br><br> Sentry Management HOA <br> 2980 Hartley Road West <br> #4 <br> Jacksonville, FL 32257 | | | | hoa <br><br> 222 N 14th Avenue <br> Jacksonville Beach, FL 32250 <br> PABLO BEACH HOUSE CONDOMINIUM DWELLING UNIT 205D BLDG 2 O/R 9623-992 | | | | | |
| | | | | Value $              135,000.00 | | | | 500.00 | 500.00 |
| Account No. **Donovan, Bonnie** <br><br> South Beach Townhomes <br> 173 20th Ave. <br> Jacksonville Beach, FL 32250 | | | | hoa <br><br> 135 S. 20th Avenue <br> Jacksonville Beach, FL 32250 <br> SOUTH BEACH TOWNHOMES DWELLING UNIT 1 O/R 8386-782 | | | | | |
| | | | | Value $              357,000.00 | | | | 500.00 | 500.00 |
| Account No. **41835570** <br><br> Usaa Federal Savings B <br> Po Box 47504 <br> San Antonio, TX 78265 | | | | Opened 10/01/05  Last Active  3/20/08 <br><br> 2001 Lincoln Continental <br> approx. 84,000 miles | | | | | |
| | | | | Value $                6,025.00 | | | | 8,944.00 | 2,919.00 |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

| | | |
|---|---|---|
| Sheet __2__ of __2__ continuation sheets attached to <br> Schedule of Creditors Holding Secured Claims | Subtotal <br> (Total of this page) | 9,944.00 | 3,919.00 |
| | Total <br> (Report on Summary of Schedules) | 2,510,947.79 | 1,052,766.79 |

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

**Exhibit C** Prepetition Financial Statements

Attached

**Exhibit D** Most Recently Filed Postpetition Operating Report

N/A

**Exhibit E**  Liquidation Analysis

*Plan Proponent's Estimated Liquidation Value of Assets*
**Assets**
a. Cash on hand: $4,700
b. Accounts receivable
c. Inventory
d. Office furniture & equipment: $2,000
e. Machinery & equipment
f. Automobiles: $6,025
g. Building & Land:$1,452,156
h. Customer list
i. Investment property (such as stocks, bonds or other
financial assets)
j. Lawsuits or other claims against third-parties
k. Other intangibles (such as avoiding powers actions)
*Total Assets at Liquidation Value: $1,464,881*
**Less:**
Secured creditors: $2,510,947
**Less:**
Chapter 7 trustee fees and expenses: estimated at 25% of net recovery or $0.00
**Less:**
Chapter 11 administrative expenses: Estimated at $4,000.00
**Less:**
Priority claims, excluding administrative expense claims: Estimated at $0.00
**Less:**
Debtor's claimed exemptions: $1,000.00

(1) Balance for unsecured claims: Approximately $0.00

(2) Total dollar amount of unsecured claims:  Approximately $120,000.00 of undisputed claims.

*Percentage of Claims Which Unsecured Creditors Would*
*Receive Or Retain in a Chapter 7 Liquidation: 0%*
*Percentage of Claims Which Unsecured Creditors Will*
*Receive or Retain under the Plan: 10%*

**Exhibit F** Cash on hand on the effective date of the Plan

Estimated at $20,000.00 after payment of administrative expenses.
Source of funds is alimony and rental income

**Exhibit G** Projections of Cash Flow and Earnings for Post-Confirmation Period

*Projections are based upon anticipated confirmation date of August, 2008 - See Attached*

# Cash Budget
## August 2008- July 2009

| | August | Sep | Oct | Nov | Dec | Jan | Feb | Mar |
|---|---|---|---|---|---|---|---|---|
| Beginning Cash Balance | $20,000.00 | $18,061.00 | $16,122.00 | $14,183.00 | $12,244.00 | $10,305.00 | $8,366.00 | $6,427.00 |
| Cash from operations | $13,900.00 | $13,900.00 | $13,900.00 | $13,900.00 | $13,900.00 | $13,900.00 | $13,900.00 | $13,900.00 |
| Total Available Cash | $33,900.00 | $31,961.00 | $30,022.00 | $28,083.00 | $26,144.00 | $24,205.00 | $22,266.00 | $20,327.00 |
| **Less:** | | | | | | | | |
| Mortgage & HOA | $9,505.00 | $9,505.00 | $9,505.00 | $9,505.00 | $9,505.00 | $9,505.00 | $9,505.00 | $9,505.00 |
| Miscellaneous Expenses | $1,800.00 | $1,800.00 | $1,800.00 | $1,800.00 | $1,800.00 | $1,800.00 | $1,800.00 | $1,800.00 |
| IRS Payments | $1,934.00 | $1,934.00 | $1,934.00 | $1,934.00 | $1,934.00 | $1,934.00 | $1,934.00 | $1,934.00 |
| Property Tax Payment | $2,600.00 | $2,600.00 | $2,600.00 | $2,600.00 | $2,600.00 | $2,600.00 | $2,600.00 | $2,600.00 |
| Salaries | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total Disbursements | $15,839.00 | $15,839.00 | $15,839.00 | $15,839.00 | $15,839.00 | $15,839.00 | $15,839.00 | $15,839.00 |
| Cash Balance (Deficit) | $18,061.00 | $16,122.00 | $14,183.00 | $12,244.00 | $10,305.00 | $8,366.00 | $6,427.00 | $4,488.00 |
| **Add:** | | | | | | | | |
| Short-term loans | | | | | | | | |
| Long-term loans | | | | | | | | |
| Capital stock issues | | | | | | | | |
| Total Additions | | | | | | | | |
| Ending Cash Balance | $18,061.00 | $16,122.00 | $14,183.00 | $12,244.00 | $10,305.00 | $8,366.00 | $6,427.00 | $4,488.00 |

| Apr | May | Jun | Jul | Total |
|---|---|---|---|---|
| $18,988.00 | $17,649.00 | $16,310.00 | $14,971.00 | *************** |
| $14,500.00 | $14,500.00 | $14,500.00 | $14,500.00 | $20,000.00 |
| $4,488.00 | $3,149.00 | $1,810.00 | $471.00 | *************** |
| $9,505.00 | $9,505.00 | $9,505.00 | $9,505.00 | *************** |
| $1,800.00 | $1,800.00 | $1,800.00 | $1,800.00 | $21,600.00 |
| $1,934.00 | $1,934.00 | $1,934.00 | $1,934.00 | $23,208.00 |
| $2,600.00 | $2,600.00 | $2,600.00 | $2,600.00 | $31,200.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | *************** |
| $15,839.00 | $15,839.00 | $15,839.00 | $15,839.00 | *************** |
| $3,149.00 | $1,810.00 | $471.00 | -$868.00 | -$868.00 |
| $3,149.00 | $1,810.00 | $471.00 | -$868.00 | -$868.00 |