UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:    BONITA N. DONOVAN

Case No.: 3:08-bk- 2133

Debtor

_____/

PLAN OF REORGANIZATION

Bryan K. Mickler
Law Offices of Mickler & Mickler
Attorneys for Debtor-in-Possession
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
Florida Bar No. 091790

1

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from future income of the Debtor derived from rental income and sale/refinance income generated from the real property that the Debtor owns.

This Plan provides for 8 classes of secured claims and 1 class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of administrative and priority claims either upon the effective date of the Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01 Class 1.** Priority Tax Claims

Except to the extent that a holder of an allowed priority tax claim agrees to a different treatment, each allowed priority tax claim shall be paid in full, in cash, in equal quarterly installments over a term not to exceed 5 years from the date of order for relief in this case, together with interest at the rate of 6%. Such payments shall commence on the later of the Effective Date of

the Plan or the date on which such claim is allowed. The Debtor reserves the option to prepay all or a portion of such debt at any time.

**2.02 Class 2**. Secured Claim of Countrywide Home Loans on 800 Florida Blvd., Neptune Bch, FL

This Class consists of the Secured Claim of Countrywide Home Loans on real property located at 800 Florida Blvd., Neptune Bch, FL by virtue of a first mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $450,156.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 2 is impaired by the Plan. Each holder of an allowed Class 2 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 2 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.03 Class 3**. Secured Mortgage claim of Countrywide Home Loans on 150 Pantano Cay Blvd.., St. Augustine, FL

This Class consists of the Secured Claim of Countrywide Home Loans on real property located at 150 Pantano Cay Blvd.., St. Augustine, FL by virtue of a first mortgage recorded in the Public Records of St. Johns County, FL. The Debtor will value this property at the replacement value

of $110,00.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 3 is impaired by the Plan. Each holder of an allowed Class 3 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 3 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.04 Class 4.** Secured Claims of Wahby and Fletcher on Vacant Lot at Jacksonville Bch, FL

This Class consists of the Secured Claim of Daniel and Robin Wahby and Gerald and Barbara Fletcher on real property located at Jacksonville Bch, FL by virtue of a first mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $400,00.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated

in any new payments to be maintained under this Chapter 11 Plan.

Class 4 is impaired by the Plan. Each holder of an allowed Class 4 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 4 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.05 Class 5.** Secured Claims of Bank of America on 135 20th Ave. South, Jacksonville Bch, FL

This Class consists of the Secured Claim of Bank of America on real property located at 135 20th Ave. South, Jacksonville Bch, FL by virtue of a first mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $357,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 5 is impaired by the Plan. Each holder of an allowed Class 5 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 5 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.06 Class 6.** Secured Mortgage claim of Bank of America on 222 14th Ave. North, Jacksonville Bch, FL

This class consists of the First Mortgage claim of Bank of America in the real located at 222

14th Ave., Jacksonville Bch, Florida. The Debtor will reamortize the balance on the first mortgage and repay the balance in full, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan. The Debtor in Possession and mortgage holder shall executed whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 6 is impaired by the Plan. Each holder of an allowed Class 6 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 6 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.07 Class 7.** Secured Claim of Bank of America on 222 14th Ave. North, Jacksonville Bch, FL

This Class consists of the Secured Claim of Bank of America on real property located at 135 20th Ave. South, Jacksonville Bch, FL by virtue of a second mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $40,819.00. The Debtor will pay the valuation amount as a re-amortized second mortgage, together with interest at the rate of 6%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained

under this Chapter 11 Plan.

Class 7 is impaired by the Plan. Each holder of an allowed Class 7 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 7 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.08 Class 8.** Wholly Unsecured Claims of Bank of America on 135 20th Ave. South, Jacksonville Bch, FL and 222 14th Ave. North, Jacksonville Bch, FL

This Class consists of the wholly unsecured junior mortgage claims of Bank of America on real property located at 135 20th Ave. South, Jacksonville Bch, FL by virtue of second and third mortgages recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $0.00. The Debtor will treat this creditor as unsecured subject to the distribution as outlined below for unsecured creditors. Upon completion of the plan and discharge, the creditor shall record a satisfaction of mortgage in the Public Records of Duval County, FL.

Class 8 is impaired by the Plan. Each holder of an allowed Class 8 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 8 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.09 Class 9.** All Homeowner's Association Secured Claims

This class consists of the secured claims of Sentry Management, Premier Properties and South Beach Townhomes for secured homeowner's association fees/liens. The Debtor in Possession shall maintain all required post petition assessments. In addition, the Debtor shall cure any pre-petition delinquencies over a period of 36 months from the effective date of this Plan.

Class 9 is impaired by the Plan. Each holder of an allowed Class 9 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 9 Claim shall retain any lien

encumbering real property of the Debtor in Possession.

**2.10 Class 10.** All unsecured claims allowed under § 502 of the Code.

This Class consists of the General Unsecured Claims, including any liens valued above pursuant to 11 U.S.C. § 506. The Debtor shall pay all projected disposable income for a period of 60 months to the holder of each Class 10 Claim in equal quarterly installments on the later of the effective date of the Plan or the date on which the Class 10 claim becomes an allowed claim for full satisfaction of the unsecured claims. To the extent that the debtor sells or refinances any real property and receives a profit, then such profit shall be considered disposable income and committed to the unsecured creditors as stated above. The debtor does not anticipate any distributions to the unsecured creditors without sale and/or refinance of real properties.

Class 10 is impaired by the Plan. The holder of any allowed amount of Class 10 claim is entitled to vote to accept or reject the Plan.

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtor in Possession in

accordance with 11 U.S.C. § 1129(a)(9).

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

**Class Impairment Treatment**

Class 1. Priority Tax Claims

Impaired- to be paid in equal quarterly installments, with interest of 6%, over a period of time less than 60 months from date of the Order for Relief in this case.

Class 2 – Secured Claims of Countrywide Home Loans on 800 Florida Blvd., Neptune Bch, FL

Impaired - to be valued and reamortized.

Class 3 - Secured Mortgage claim of Countrywide Home Loans on 150 Pantano Cay Blvd., St. Augustine, FL

Impaired - to be valued and reamortized.

Class 4 - Secured Claims of Wahby and Fletcher on Vacant Lot at Jacksonville Bch, FL

Impaired - to be valued and reamortized.

Class 5 - Secured Claims of Bank of America on 135 20th Ave. South, Jacksonville Bch, FL

Impaired - to be valued and reamortized.

Class 6 - Secured Mortgage claim of Bank of America on 222 14th Ave. North, Jacksonville Bch,

FL

Impaired - balance reamortized.

Class 7 - Secured Claim of Bank of America on 222 14th Ave. North, Jacksonville Bch, FL

Impaired - to be valued and reamortized

Class 8 - Wholly Unsecured Claims of Bank of America on 135 20th Ave. South, Jacksonville Bch, FL and 222 14th Ave. North, Jacksonville Bch, FL

Impaired - to be treated as unsecured.

Class 9 - Homeowner's Associations

Impaired- to be cured over 36 months.

Class 10 - Unsecured claims

Impaired - pro-rata distribution to be paid with all disposable income of debtor over a period of 60 months.

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal

Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

1. Leases for rental of real properties located at 135 S. 20th Ave., Jacksonville Bch and 222 N. 14th Ave., Jacksonville Bch to tenants occupying properties.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII

## GENERAL PROVISIONS

7.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:  N/A

7.02 Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the

confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.07 Corporate Governance. No provisions required by § 1123(a)(6) of the Code.

## ARTICLE VIII

## DISCHARGE

8.01. Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IX

## OTHER PROVISIONS

Payments to the various Classes under this Plan of Reorganization shall commence twenty (20) days after the date that the Plan of Reorganization becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

DATED THIS 18 DAY OF APRIL, 2008.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to Office of the United States Trustee, 135 W. Central Blvd., Ste. 620 Orlando, FL 32801 and to all interested parties as listed on the court's matrix, by CM/ECF filing this 18 day of April, 2008.

                                            Law Offices of Mickler & Mickler

                                            By:_____
                                               Bryan K. Mickler
                                          Florida Bar No. 091790
                                          Attorneys for Debtor in Possession
                                          5452 Arlington Expressway
                                          Jacksonville, FL 322211
                                          (904) 725-0822
                                          (904) 725-0855 Facsimile

wpdocs\bankrupt\chap11\donovan plan