UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

BONITA NIX DONOVAN,   )   Case No.: 3:08-bk-02133-JAF
                      )   Chapter 11
    Debtor.           )
_____/)   **(Estimated Time for Hearing: Fifteen Minutes Request for hearing prior to Confirmation Hearing set for Oct. 2, 2008)**

**UNITED STATES TRUSTEE'S
MOTION TO COMPEL DEBTOR TO COMPLY WITH 11 U.S.C. § 521**

COMES NOW, Donald F. Walton, United States Trustee for Region 21, by and through his undersigned counsel, and moves this Court for the entry of an Order Compelling the Debtor to provide complete information on the Debtor's Schedules filed and requested information in the above-styled case pursuant to 11 U.S.C. § 521 and Bankruptcy Rule 1007, and in support thereof states:

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. On April 18, 2008, Bonita Nix Donovan (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor has been represented by counsel, Bryan K. Mickler and Albert H. Mickler, at all times during these proceedings.

4. The meeting of creditors was held and concluded on May 28, 2008 pursuant to 11 U.S.C. § 341. At that meeting of creditors, the United States Trustee questioned the Debtor regarding her assets and liabilities based on the Schedules and Statement of Financial Affairs filed with the court.

5. The Debtor's testimony at the first meeting of creditors revealed that her Schedules contain material errors or omissions. For example, the Debtor testified that she owns a time share in Key West, a diamond ring, a watch and paintings which are not included in her Schedule A or Schedule B. Additionally, the Debtor failed to accurately respond to Question 3a on her Statement of Financial Affairs which requires the Debtor to list all payments on loans, installment purchases and other debts to any creditor made within 90 days preceding the commencement of the case aggregating over $600.00. The Debtor listed "none." At the first meeting of creditors, and in writing, the United States Trustee requested that the Schedules and Statements be amended to include this information which may be pertinent as part of liquidation analysis for confirmation or as potential assets available for liquidation in the event the case is converted to chapter 7. As of the date of this Motion, no amendments have been filed

6. The United States Trustee in writing, has also requested the Debtor to provide pertinent recorded information to determine the accuracy of Debtor's schedules and to ensure the assets of the estate are protected during the pendency of the case. The items which have not been provided include: 1) the Debtor's Florida Marital Separation Agreement with all amendments and the financial affidavit of the Debtor; 2) proof of insurance on the 1996 Lincoln Continental and the 1996 Cutlass Sierra; 3) updated insurance on 135 S. 20th Street, Jacksonville Beach, FL; 4) proof of insurance on 222 N.14th Avenue Jacksonville, FL 32250; 5) adequate proof of closing of all bank account; and 6) check registers and bank statements for all bank accounts for the 90 days preceding the filing.

7. As stated in the Notice of Commencement in this case, the deadline for filing a Complaint Objecting to Discharge under 11 U.S.C. § 727 expires on the first date set for the hearing on confirmation of plan. As reflected in the Order Approving Disclosure Statement and

Setting Hearing on Confirmation (Docket No.: 37) filed on July 1, 2008, the confirmation hearing is scheduled for October 2, 2008. The United States Trustee is requesting a hearing on this matter several weeks prior to the confirmation hearing in order to determine whether or not the filing of a complaint pursuant to 11 U.S.C. § 727 is warranted.

8. A hearing on this matter will take approximately ten minutes.

WHEREFORE the United States Trustees requests the Court enter an Order Compelling the Debtor to Comply with 11 U.S.C. § 521 by providing the requested documents and by the filing of necessary amendments, including but not limited to, Schedule A, Schedule B, and any other necessary amendments, no later than August 25, 2008, and grant such other and further relief as is deemed just and proper.

DATED: July 25, 2008

                                                DONALD F. WALTON
                                                United States Trustee
                                                Region 21

/s/   Elena L. Escamilla
Elena L. Escamilla, Trial Attorney
Florida Bar No.: 898414
United States Department of Justice
Office of the United States Trustee
135 W. Central Blvd., Room 620
Orlando, FL 32801
Telephone No.: (407) 648-6301, Ext. 127
Facsimile No.:   (407) 648-6323
elena.l.escamilla@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on July 25, 2008, either by electronic transmission by CM/ECF or by U.S. Mail, postage prepaid, on the following:

| | |
|---|---|
| Bonita Nix Donovan<br>800 Fla. Blvd.<br>Neptune Beach, FL 32266 | Albert H. Mickler, Esquire<br>5452 Arlington Expressway<br>Jacksonville, FL 32211 |
| Bryan K. Mickler, Esquire<br>5452 Arlington Expressway<br>Jacksonville, FL 32211 | |

                                          /s/ Elena L. Escamilla
                                          Elena L. Escamilla, Trial Attorney