# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In Re:

BONITA NIX DONOVAN
    Debtor.

Case No. 3:08:bk-02133-JAF
Individual Chapter 11

_____\

## ORDER CONFIRMING DEBTORS' PLAN OF REORGANIZATION
### (Dated April 18, 2008)

This case was before the Court on November 4, 2009 for the Confirmation Hearing on the Debtor's Chapter 11 Plan. The Plan under Chapter 11 of the Bankruptcy Code dated April 18, 2008, having been transmitted to creditors and equity security holders, and it having been determined after hearing on notice that the requirements for Confirmation set forth in 11 U.S.C. 1129(a) and (b) have been satisfied, it is

**ORDERED**

1. The Debtors' Plan of Reorganization (the "Plan"), as amended in open Court, dated April 18, 2008, is confirmed. A copy of the Confirmed Plan is attached.

2. The Plan was amended in open Court to include the following:

    a. The treatment of Class 2 (Countrywide Home Loans on 800 Florida Blvd., Neptune Beach, FL) was changed to surrender the property in satisfaction of the secured claim of the creditor;

    b. The treatment of Class 3 (Countrywide Home Loans on 150 Pantano Cay Blvd., St. Augustine, FL) was changed to provide for a replacement value of $310,000.00.

    c. The treatment of Class 4 (Wahby and Fletcher) was changed to provide for the surrender the property in satisfaction of the secured claim of the creditor;

    d. The treatment of Class 5 (Bank of America on 135 20th Ave. South, Jacksonville Beach, FL) was changed from a valuation of the property to

provide for the balance of the mortgage as filed in the POC to be reamortized and paid by the Debtor at 6% over 360 months;

e. The treatment of Class 7 (Bank of America second mortgage on 222 14th Ave. North Jacksonville Bch, FL) was changed to provide for the balance of the proof of claim ($49,270.56) to be reamortized and paid by the Debtor at 6% over 360 months;

f. The treatment of Class 8 (Bank of America second and third mortgages on 135 20th Ave. South, Jacksonville Bch, FL) was changed to provide that these claims were to be valued at the replacement value of $66,889.00 and paid by the Debtor at the rate of 6% over 360 months as a reamortized second mortgage;

g. The treatment of Class 10 (unsecured creditors) was changed to provide for the Debtor to: 1) pay 10% of the balance of her operating and business accounts to the unsecured creditors on a pro-rata basis within 30 days of the date of this Order; 2) pay 10% of the balance of the operating and business accounts to the unsecured creditors once a year on the same date until the case is discharged by the Court; 3) pay $1,000.00 per quarter as disposable income on a pro-rata basis to the unsecured creditors as set forth in paragraph three (3) below; 4) in the event the Debtor sells or refinances any of her properties, and such sale or refinance results in a profit, then the Debtor shall distribute to the unsecured creditors such profit within thirty (30) days of closing; 5) provide the United States Trustee with copies of all refinancing and/or sale closing documents for any property sold during the applicable commitment period; 6) pay to the unsecured creditors all tax refunds received within the 60 months after the Effective Date; and 7) file tax returns with the Bankruptcy Court for the 60 months after the Effective Date as set forth in paragraph seven (7) below.

3. The Debtor shall fund the Plan for the applicable commitment period using all disposable income, including any sums received from the refinancing or sale of investment properties during the applicable commitment period. The current disposable income was calculated at $1,000.00 per quarter. That amount will be paid to unsecured creditors quarterly for the 60 month term of the Plan on a pro rata basis as stated on exhibit "A".

4. The payments to each creditor are set forth on the attached Exhibit "A".

5. The Debtor(s) is/are ordered to continue quarterly U.S. Trustee fees until such time as the case is converted, dismissed or discharged and a final decree is entered.

6. After confirmation, pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2014(a)(5), the Debtor(s) shall file with the Bankrutpcy Court and shall serve on the United States Trustee a financial report or statement of disbursements for each quarter (or portion

thereof) that this Chapter 11 case remains open, in a format proscribed by the United States Trustee. These reports shall include any disbursements made from the sale of any real property. The Debtor(s) shall also attach any closing statements to the quarterly report.

7. The Debtor(s) shall file a notice of filing tax return on the docket of this Chapter 11 case together with a copy of the (redacted) tax return tending to show whether any monies the Debtor receives as a return from overpayment of taxes to the IRS should be computed as disposable monthly income payable to unsecured creditors.

8. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect. This Order imposes an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust that collect payments disbursed under this Plan to credit payments in the manner required by the Plan in accordance with 11 U.S.C. § 524(i).

9. Secured creditors shall retain any lien on property in which the estate has an interest to the extent of the value of such a creditor's interest in the estate's interest in such property as of the effective date of the Plan.

10. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

11. The Debtor is not entitled to a discharge in this case until completion of all payments under the Plan.

12. Within ten (10) days from the date of entry of this Order, the Debtor-In-Possession shall transmit a copy of this Order and a copy of this Plan to all creditors and parties in interest.

Dated this 19 day of November, 2009 at Jacksonville, Florida

JERRY A. FUNK
United States Bankruptcy Judge

Copies to:
Bryan K. Mickler, Debtor's Counsel
U.S. Trustee
All interested parties

In Re Donovan; 3:08-bk-02133-JAF

| Class | Creditor | Property | Payment Amount/Schedule |
|---|---|---|---|
| 1 | Priority Tax | $52,743.32 per POC #5 | $1,426.00 |
| 2 | Countrywide Home Loans/BAC Home Loans Servicing | 800 Florida Blvd, Neptune Bch, FL | Surrender |
| 3 | Countrywide Home Loans/BAC Home Loans Servicing | 150 Pantano Cay, St. Augustine, FL | $1,858.61 principal and interest plus $368.33 tax escrow for a total payment of $2,226.94 |
| 4 | Wahby and Fletcher, USAA | Jax Beach property and 2001 Lincoln Continental | Surrender |
| 5 | Bank of America 475 Cross Point Pkwy, Getzville, NY 14068 Acct #1336838235627 | First Mortgage on 135 20th Ave. South Jacksonville Bch, FL OR Book 11424 Page 2078 | $2,308.31 principal and interest plus $510.33 tax escrow for a total payment of $2,818.64 |
| 6 | Bank of America 475 Cross Point Pkwy, Getzville, NY 14068 Acct #1733301205161 | First Mortgage on 222 14th. Ave. North, Jacksonville Bch, FL OR Book 12239 Page 1417 | $569.86 principal and interest plus $201.28 tax escrow for a total payment of $771.14 |
| 7 | Bank of America 475 Cross Point Pkwy, Getzville, NY 14068 Acct #68218008425599 | Second Mortgage on 222 14th. Ave. North, Jacksonville Bch, FL OR Book 13897 Page 1403 | $295.41 principal and interest |
| 8 | Bank of America 475 Cross Point Pkwy, Getzville, NY 14068 Acct #1337022857648 | Second and Third Mortgages on 135 20th Ave. South, Jacksonville Bch, FL OR Book 12166 Page 1504 and OR Book 13664 Page 1176 | $185.81 principal and interest |
| 9 | HOA Claims | | Regular payments and cure of any |

|   |   |   | arrears within 36 months |
|---|---|---|---|
| 10 | Unsecured Creditors |   | Pro-Rata over 60 months as amended in open court and stated above |

EXHIBIT "A"